IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JSDQ MESH TECHNOLOGIES LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>MESH DYNAMICS, INC.,<br><br>                    Defendant. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff JSDQ Mesh Technologies LLC complains of Defendant Mesh Dynamics, Inc. as follows:

### NATURE OF LAWSUIT

1.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2.     JSDQ Mesh Technologies LLC ("JSDQ") is a Delaware limited liability company with its principal place of business at 401 Lake Avenue, Round Lake Beach, Illinois 60073.

3.     JSDQ is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. RE 43,675, entitled "Wireless Radio Routing System," which issued on September 18, 2012 (the "'675 Patent") (a true and correct copy is attached as Exhibit A); United States Patent No. 7,916,648, entitled "Method of Call Routing and Connection," which issued on March 29, 2011 (the "'648 Patent") (a true and correct copy is attached as Exhibit B); and United States Patent No. 7,286,828, entitled "Method of Call Routing and Connection," which issued on October 23, 2007 (the "'828 Patent") (a true and correct copy is attached as Exhibit C).

4. Defendant Mesh Dynamics, Inc. is a Delaware corporation with the registered agent The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. Mesh Dynamics, Inc.'s principal place of business is 2953 Bunker Hill Lane, Suite 400, Santa Clara, California 95054.

5. Mesh Dynamics provides wireless radio mesh network equipment and services to a variety of customers in at least the mining, materials processing, video surveillance, seismic oil exploration, public safety and mobile telephony industries.

## JURISDICTION AND VENUE

6. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction over Mesh Dynamics is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## THE ACCUSED SYSTEMS

8. Mesh Dynamics manufactures, uses, offers for sale and/or sells mesh products (including hardware and software) and related services (the "Accused Systems") including, but not limited to, Mesh Dynamics' Third Generation Mesh™ products such as MD4000 Modular Mesh™ nodes and MD1000 Single Radio Mesh nodes (the "Accused Systems").

9. Mesh Dynamics has at least one customer that uses the Accused Systems.

10. Upon information and belief, customers operate and/or otherwise use Mesh Dynamics' Accused Systems as designed and intended to be used by Mesh Dynamics.

## INFRINGEMENT OF UNITED STATES PATENT NO. RE 43,675

11. Mesh Dynamics directly infringes at least independent claim 15 of the '675 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

12. Mesh Dynamics' Accused Systems provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other.

13. Mesh Dynamics' Accused Systems perform each of the limitations of claim 15 of the '675 Patent by (a) establishing radio links between respective pairs of nodes without regard to their relative locations, at least one node using a directional radio signal; (b) measuring a value of a parameter of a directional radio signal; (c) transmitting radio signals with routing messages; and (d) assembling a radio communication route between an originating node and a destination node.

14. Alternatively, Mesh Dynamics indirectly infringes at least independent claim 15 of the '675 Patent by inducing others' direct infringement through their use of the Accused Systems.

15. To the extent Mesh Dynamics is not the only direct infringer of the '675 Patent, users of Mesh Dynamics' Accused Systems would constitute direct infringers.

16. Upon information and belief, Mesh Dynamics provides support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '675 Patent.

17. Mesh Dynamics has notice of the '675 Patent and the infringement thereof at least as of the filing of this Complaint.

**INFRINGEMENT OF UNITED STATES PATENT NO. 7,916,648**

18. Mesh Dynamics directly infringes at least independent claim 29 of the '648 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

19. Mesh Dynamics' Accused Systems provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other.

20. Mesh Dynamics' Accused Systems perform each of the limitations of claim 29 of the '648 Patent by (a) establishing radio links between pairs of nodes without regard to their relative locations; (b) measuring values of a parameter of radio signals; (c) transmitting radio signals with routing messages; (d) selecting a preferred multi-link route segment; (e) transmitting a radio signal with a routing message identifying a preferred route segment; and (f) assembling a radio communication route between an originating node and a destination node.

21. Alternatively, Mesh Dynamics indirectly infringes at least independent claim 29 of the '648 Patent by inducing others' direct infringement through their use of the Accused Systems.

22. To the extent Mesh Dynamics is not the only direct infringer of the '648 Patent, users of Mesh Dynamics' Accused Systems would constitute direct infringers.

23. Upon information and belief, Mesh Dynamics provides support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '648 Patent.

24. Mesh Dynamics has notice of the '648 Patent and the infringement thereof at least as of the filing of this Complaint.

**INFRINGEMENT OF UNITED STATES PATENT NO. 7,286,828**

25. Mesh Dynamics infringes at least independent claim 68 of the '828 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

26. Mesh Dynamics' Accused Systems provide wireless communication routes among individual nodes distributed to form a mesh throughout an area covered by the wireless communication system.

27. Mesh Dynamics' Accused Systems perform each of the limitations of claim 68 of the '828 Patent by (a) establishing wireless links between pairs of routing nodes using wireless signals; (b) storing routing messages; (c) selecting a routing message using a parameter of received wireless signals; (d) modifying a selected routing message; (e) deleting some routing messages; (f) retransmitting modified routing messages; and (g) assembling preferred wireless links into an optimum communication route.

28. Alternatively, Mesh Dynamics indirectly infringes at least independent claim 68 of the '828 Patent by inducing others' direct infringement through their use of the Accused Systems.

29. To the extent Mesh Dynamics is not the only direct infringer of the '828 Patent, users of Mesh Dynamics' Accused Systems would constitute direct infringers.

30. Upon information and belief, Mesh Dynamics provides support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '828 Patent.

31. Mesh Dynamics has notice of the '828 Patent and the infringement thereof at least as of the filing of this Complaint.

32. To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

33. Mesh Dynamics' direct and/or indirect infringement has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JSDQ Mesh Technologies LLC respectfully requests this Court to enter judgment against Mesh Dynamics and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Mesh Dynamics;

B. An award of damages against Mesh Dynamics adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. A finding that this case is exceptional and an award to Plaintiff of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement of the asserted patents; and

E. Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

Dated: January 29, 2013  */s/ George Pazuniak*
George Pazuniak (DE Bar No. 00478)
PAZUNIAK LAW OFFICE LLC
1201 Orange Street, 7th Floor, Suite 7114
Wilmington, DE 19801
Phone: (302) 478-4230
gp@del-iplaw.com

Timothy J. Haller
Daniel R. Ferri
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
dferri@nshn.com
gopatken@nshn.com

***Attorneys for Plaintiff,
JSDQ Mesh Technologies LLC***