**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **JSDQ MESH TECHNOLOGIES LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MESH DYNAMICS, INC.,**<br>**Defendant.** | **Case No. 1:13-cv-00154-GMS** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff JSDQ Mesh Technologies LLC ("JSDQ") by and through its undersigned attorneys, hereby responds to the Counterclaims filed by Defendant, Mesh Dynamics, Inc. on April 18, 2013 (Dkt. No. 10), as follows:

**COUNTERCLAIMS**

44. Mesh Dynamics asserts the following counterclaims for declaratory judgment of noninfringement and invalidity of patents RE 43,675; 7,916,648; and 7,286,828.

**RESPONSE:**

Admitted that Mesh Dynamics asserts counterclaims for declaratory judgment of non-infringement and invalidity. Denied that Mesh Dynamics is entitled to any relief.

45. Defendant and Counterclaimant Mesh Dynamics is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at is 2953 Bunker Hill Lane, Suite 400, Santa Clara, California 95054.

**RESPONSE:**

Admitted.

46. According to the Complaint, Plaintiff and Counterclaim-Defendant JSDQ is a Delaware limited liability company having its principal office in Round Lake Beach, Illinois. JSDQ has held itself out to be the owner of the patents RE 43,675; 7,916,648; and 7,286,828.

**RESPONSE:**

Admitted that JSDQ is a Delaware limited liability company with its principal place of business at 401 Lake Avenue, Round Lake Beach, Illinois 60073. Admitted that JSDQ is the owner of United States Patent Nos. RE 43,675; 7,916,648; and 7,286,828 (the "patents in suit").

**JURISDICTION AND VENUE**

47. This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States. See Fed. R. Civ. P. 13; 28 U.S.C. §§ 2201 and 2202; and 35 U.S.C. § 100 et seq.

**RESPONSE:**

Admitted that Mesh Dynamics has asserted counterclaims under the Declaratory Judgment Act. Denied that Mesh Dynamics is entitled to any relief.

48. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2022.

**RESPONSE:**

Admitted that this Court has subject matter jurisdiction.

49. This Court has personal jurisdiction over JSDQ by virtue of JSDQ's filing of the Complaint in the action.

**RESPONSE:**

Admitted that personal jurisdiction is proper in this action.

50. Venue in the judicial district is proper under at least 28 U.S.C. § 1391 and by virtue of JSDQ's filing of the Complaint in this action.

**RESPONSE:**

Admitted that venue is proper for any counterclaims asserted by Mesh Dynamics that survive Plaintiff's Motion Pursuant to Fed.R.Civ.P. 12(b)(6) to Dismiss Counterclaim Count Two.

51. An actual and justiciable controversy exists between Mesh Dynamics, on the one hand, and JSDQ on the other hand, concerning JSDQ's claims of infringement of patents RE 43,675; 7,916,648; and 7,286,828 and concerning whether patent RE 43,675; 7,916,648; and 7,286,828 are valid.

**RESPONSE:**

Admitted that an actual controversy exists between JSDQ and Mesh Dynamics as to the infringement and validity of the patents in suit.

**COUNT ONE – DECLARATORY JUDGMENT OF NONINFRINGEMENT**

52. Mesh Dynamics incorporates by reference its allegations in paragraphs 1-52 above.

**RESPONSE:**

JSDQ incorporates its responses to the allegations contained in Paragraphs 44 through 51 above, as though fully set forth herein. JSDQ denies any allegations of Paragraphs 1 through 43 not expressly admitted herein.

53. JSDQ asserts in this action that Mesh Dynamics is infringing patents RE 43,675; 7,916,648; and 7,286,828.

**RESPONSE:**

Admitted that JSDQ alleges, and that in fact, Mesh Dynamics is infringing the patents in suit.

54. Mesh Dynamics has not directly nor under the doctrine of equivalents infringed, contributed to the infringement of, or induced infringement of any valid claim of patents RE43,675; 7,916,648; and 7,286,828, nor is Mesh Dynamics either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of patents RE 43,675; 7,916,648; and 7,286,828.

**RESPONSE:**

Denied.

55. By reason of the foregoing, Mesh Dynamics seeks a declaratory judgment by this Court that Mesh Dynamics does not infringe patents RE 43,675; 7,916,648; and 7,286,828.

**RESPONSE:**

Admitted that Mesh Dynamics seeks a declaratory judgment that it does not infringe the patents in suit. Denied that Mesh Dynamics is entitled to any relief.

**COUNT TWO – DECLARATORY JUDGMENT OF INVALIDITY**

56. Mesh Dynamics incorporates by reference its allegations in paragraphs 1-56 above.

**RESPONSE:**

No response is required in light of Plaintiff's Motion Pursuant to Fed.R.Civ.P. 12(b)(6) to Dismiss Counterclaim Count Two, filed on April 19, 2013. (Dkt. No. 12).

57. JSDQ asserts in this action that Mesh Dynamics is infringing patents RE 43,675; 7,916,648; and 7,286,828.

**RESPONSE:**

No response is required in light of Plaintiff's Motion Pursuant to Fed.R.Civ.P. 12(b)(6) to Dismiss Counterclaim Count Two, filed on April 19, 2013. (Dkt. No. 12).

58. The claims of patents RE 43,675; 7,916,648; and 7,286,828 are each invalid for failure to satisfy the conditions of patentability under 35 U.S.C. §§ 101, et seq.

**RESPONSE:**

No response is required in light of Plaintiff's Motion Pursuant to Fed.R.Civ.P. 12(b)(6) to Dismiss Counterclaim Count Two, filed on April 19, 2013. (Dkt. No. 12).

59. By reason of the foregoing, Mesh Dynamics seeks a declaratory judgment by the Court that the claims of patents RE 43,675; 7,916,648; and 7,286,828 are invalid.

**RESPONSE:**

No response is required in light of Plaintiff's Motion Pursuant to Fed.R.Civ.P. 12(b)(6) to Dismiss Counterclaim Count Two, filed on April 19, 2013. (Dkt. No. 12).

## PLAINTIFF'S AFFIRMATIVE DEFENSES

Plaintiff JSDQ asserts the following Affirmative Defenses against Mesh Dynamics' Counterclaims and reserves the right to further amend its responses as additional information becomes available.

1. United States Patent No. 7,916,648 ("the '648 Patent") is valid and enforceable.

2. United States Patent No. 7,286,828 ("the '828 Patent") is valid and enforceable.

3. United States Reissued Patent No. RE 43,675 ("the '675 Patent") is valid and enforceable.

4. Mesh Dynamics has infringed and continues to infringe the '648 Patent through the manufacture, use, offer for sale and/or sale of Accused Systems that provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 29 of the '648 Patent.

5. Mesh Dynamics has infringed and continues to infringe the '828 Patent through the manufacture, use, offer for sale and/or sale of Accused Systems that provide wireless communication routes among individual nodes distributed to form a mesh throughout an area covered by the wireless communication system, in accordance with the limitations of claim 68 of the '828 Patent.

6. Mesh Dynamics has infringed and continues to infringe the '675 Patent through the manufacture, use, offer for sale and/or sale of Accused Systems that provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 15 of the '675 Patent.

7. As set forth in Plaintiff's Motion Pursuant to Fed.R.Civ.P. 12(b)(6) to Dismiss Counterclaim Count Two, Mesh Dynamics' counterclaim with respect to the alleged invalidity of

the ‘648 Patent fails to state a claim upon which relief may be granted and/or is otherwise deficient under Rules 8 and 12, Fed.R.Civ.P.

8. As set forth in Plaintiff's Motion Pursuant to Fed.R.Civ.P. 12(b)(6) to Dismiss Counterclaim Count Two, Mesh Dynamics' counterclaim with respect to the alleged invalidity of the ‘828 Patent fails to state a claim upon which relief may be granted and/or is otherwise deficient under Rules 8 and 12, Fed.R.Civ.P.

9. As set forth in Plaintiff's Motion Pursuant to Fed.R.Civ.P. 12(b)(6) to Dismiss Counterclaim Count Two, Mesh Dynamics' counterclaim with respect to the alleged invalidity of the ‘675 Patent fails to state a claim upon which relief may be granted and/or is otherwise deficient under Rules 8 and 12, Fed.R.Civ.P.

10. Plaintiff adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available.

WHEREFORE, JSDQ Mesh Technologies LLC requests that judgment be entered against Mesh Dynamics, Inc. and entered in JSDQ Mesh Technologies LLC's favor and further requests that it be granted all of the relief requested in its Complaint.

**JURY DEMAND**

JSDQ Mesh Technologies LLC demands a trial by jury on all issues properly triable to a jury.

Respectfully submitted,

/s/ George Pazuniak
George Pazuniak
O'Kelly Ernst & Bielli, LLC
901 N. Market St.
Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
Fax: 302-295-2873
GP@del-iplaw.com

***Attorneys for Plaintiff, JSDQ Mesh Technologies LLC***

*Of Counsel:*
Timothy J. Haller
Daniel R. Ferri
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison Street
Suite 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
dferri@nshn.com
gopatken@nshn.com