**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JSDQ MESH TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:13-cv-00154-GMS |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MESH DYNAMICS, INC., | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANT'S FIRST AMENDED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTER-CLAIMS OF DEFENDANT MESH DYNAMICS, INC.**

Defendant, Mesh Dynamics, Inc. ("Mesh Dynamics"), submits this First Amended Answer and Counterclaims to the numbered paragraphs of Plaintiff JSDQ Mesh Technologies, LLC's ("JSDQ") January 29, 2013, Complaint for patent infringement ("Complaint"), along with its First Amended Answer and Affirmative Defenses and Counterclaims, and states and alleges, as follows:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**Answer to Paragraph One:** Mesh Dynamics admits the allegation regarding the nature of this lawsuit being a patent case and that Title 35 of the United States Code applies to patent cases generally, otherwise MDI denies the allegations contained in paragraph 1 of JSDQ's Complaint.

## THE PARTIES

2. JSDQ Mesh Technologies LLC ("JSDQ") is a Delaware limited liability company with its principal place of business at 401 Lake Avenue, Round Lake Beach, Illinois 60073.

**Answer to Paragraph Two:** Mesh Dynamics lacks sufficient knowledge to form a

belief as to the truth of the allegations contained in paragraph 2 of JSDQ's Complaint and, therefore, denies each and every allegation contained therein.

3. JSDQ is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. RE 43,675, entitled "Wireless Radio Routing System," which issued on September 18, 2012 (the "'675 Patent") (a true and correct copy is attached as Exhibit A to Plaintiff's Complaint); United States Patent No. 7,916,648, entitled "Method of Call Routing and Connection," which issued on March 29, 2011 (the "'648 Patent") (a true and correct copy is attached as Exhibit B to Plaintiff's Complaint); and United States Patent No. 7,286,828, entitled "Method of Call Routing and Connection," which issued on October 23, 2007 (the "'828 Patent") (a true and correct copy is attached as Exhibit C to the Plaintiff's Complaint).

**Answer to Paragraph Three:** Mesh Dynamics lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of JSDQ's Complaint and, therefore, denies each and every allegation contained therein.

4. Defendant Mesh Dynamics, Inc. is a Delaware corporation with the registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. Mesh Dynamics, Inc.'s principal place of business is 2953 Bunker Hill Lane, Suite 400, Santa Clara, California 95054.

**Answer to Paragraph Four:** Mesh Dynamics admits that it is a Delaware corporation with a Delaware registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. Mesh Dynamics admits that in the past its principal place of business was 2953 Bunker Hill Lane, Suite 400, Santa Clara, California 95054, but denies each and every remaining allegation, contained in paragraph 4 of JSDQ's Complaint.

5. Mesh Dynamics provides wireless radio mesh network equipment and services to a variety of customers in at least the mining, materials processing, video surveillance, seismic oil exploration, public safety and mobile telephony industries.

**Answer to Paragraph Five:** Mesh Dynamics denies each and every allegation contained in paragraph 5 of JSDQ's Complaint.

**JURISDICTION AND VENUE**

6. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

**Answer to Paragraph Six:** Mesh Dynamics admits the allegation regarding the nature of this lawsuit being a patent case and that subject matter jurisdiction exists for patent cases generally, otherwise, Mesh Dynamics states this allegation calls for a legal conclusion and denies the allegations contained in paragraph 6 of JSDQ's Complaint.

7. Personal jurisdiction over Mesh Dynamics is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

**Answer to Paragraph Seven:** JSDQ's allegations calls for a legal conclusion, for which, no response is required. To the extent a response is required, Mesh Dynamics denies the allegations contained in paragraph 7 of JSDQ's Complaint.

**THE ACCUSED SYSTEMS**

8. Mesh Dynamics manufactures, uses, offers for sale and/or sells mesh products (including hardware and software) and related services (the "Accused Systems") including, but not limited to, Mesh Dynamics' Third Generation Mesh™ products such as MD4000 Modular Mesh™ nodes and MD1000 Single Radio Mesh nodes (the "Accused Systems").

**Answer to Paragraph Eight:** Mesh Dynamics admits only that its products and/or

services were used, offered for sale, and/or sold in the past. However, it is unclear, what products or services, Plaintiff's is referencing other than the (MD 4000 Modular Mesh Nodes and MD 1000 Single Radio Mesh Nodes) and therefore, denies using, offering for sale, and/or selling any products or services that were part of an "Accused System" that infringes the '675 RE, '648, and the '828 patents. Mesh Dynamics, otherwise, denies the allegations contained in paragraph 8 of JSDQ's Complaint.

9. Mesh Dynamics has at least one customer that uses the Accused Systems.

**Answer to Paragraph Nine:** Mesh Dynamics denies each and every allegation contained in paragraph 9 of JSDQ's Complaint. Further, Mesh Dynamics, affirmatively states that, upon information and belief, Plaintiff does not produce any products and has not labeled any products with, either, PAT, Patent or the Patent Numbers for the'675 RE, '648 and the '828 Patents. Therefore, MDI has not received any actual notice pursuant to 35 U.S.C. §287 (a) of any of its products that are part of the so called "Accused Systems" that infringe the '675 RE, '648, and/or '828 Patents. See. *Amstead Indus Inc. vs. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) and *Devices for Med Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987). Moreover, Mesh Dynamics, assert that it lacks any notice of any services that it provides that infringe any of the Plaintiff's claimed methods or products by process in the '675 RE, '648, and the '828 Patents. Furthermore, Mesh Dynamics, asserts that it is not aware of any customers that use any of the, so called, "Accused Systems" of the '675 RE, '648, and the '828 Patents and therefore, denies this allegation.

10. Upon information and belief, customers operate and/or otherwise use Mesh Dynamics' Accused Systems as designed and intended to be used by Mesh Dynamics.

**Answer to Paragraph Ten:** Mesh Dynamics repeats its allegations in response to paragraph 9 and denies each and every allegation contained in paragraph 10 of JSDQ's Complaint.

## INFRINGEMENT OF UNITED STATES PATENT NO. RE 43,675

11. Mesh Dynamics directly infringes at least independent claim 15 of the '675 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

**Answer to Paragraph Eleven:** Mesh Dynamics repeats its allegations in paragraph 9 and denies each and every allegation contained in paragraph 11 of JSDQ's Complaint, because it does not infringe Patent No. RE 43,675 and upon information and belief, at least the referenced independent claim 15 of the Patent is invalid.

12. Mesh Dynamics' Accused Systems provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other.

**Answer to Paragraph Twelve:** Mesh Dynamics repeats its allegations in paragraph 9 and denies each and every allegation contained in paragraph 12 of JSDQ's Complaint, because it does not infringe Patent No. RE 43,675 and upon information and belief, at least, the referenced independent claim 15 of the Patent is invalid.

13. Mesh Dynamics' Accused Systems perform each of the limitations of claim 15 of the '675 Patent by (a) establishing radio links between respective pairs of nodes without regard to their relative locations, at least one node using a directional radio signal; (b) measuring a value of a parameter of a directional radio signal; (c) transmitting radio signals with routing messages; and (d) assembling a radio communication route between an originating node and a destination node.

**Answer to Paragraph Thirteen:** Mesh Dynamics repeats its allegations in paragraph 9 and denies each and every allegation contained in paragraph 13 of JSDQ's Complaint, because it does not infringe Patent No. RE 43,675 and upon information and belief, at least, the referenced independent claim 15 Patent is invalid.

14. Alternatively, Mesh Dynamics indirectly infringes at least independent claim 15 of the ‘675 Patent by inducing others’ direct infringement through their use of the Accused Systems.

**Answer to Paragraph Fourteen:** Mesh Dynamics repeats its allegations in paragraph 9 and denies each and every allegation contained in paragraph 14 of JSDQ’s Complaint, because it does not infringe Patent No. RE 43,675 and upon information and belief, at least, the referenced independent claim 15 of the Patent is invalid

15. To the extent Mesh Dynamics is not the only direct infringer of the ‘675 Patent, users of Mesh Dynamics’ Accused Systems would constitute direct infringers.

**Answer to Paragraph Fifteen:** Paragraph 15 is not directed towards this defendant, and therefore no response from Mesh Dynamics is required. To the extent a response is required, to the allegations that it is a direct infringer, Mesh Dynamics repeats its allegations in paragraph 9, and lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 15 of JSDQ’s Complaint, and therefore, denies each and every allegation contained therein. Upon information and belief, at least, the referenced, independent claim 15 of the ‘675 Patent is invalid.

16. Upon information and belief, Mesh Dynamics provides support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the ‘675 Patent.

**Answer to Paragraph Sixteen**: Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 16 of JSDQ’s Complaint. Mesh Dynamics does not even have notice of, which, alleged service it offers that infringe the ‘675 RE Patent and is incapable of forming a specific intent to have its customers use the so called “Accused Systems” in a manner that infringes the ‘675 RE Patent. Moreover, upon information and belief, at least, the referenced independent claim 15 of the ‘675 RE Patent is invalid. To the extent other claims of the ‘675 RE Patent are implicated or alleged to be infringed, Mesh

Dynamics lacks notice and sufficient knowledge to form a belief, as to the truth of the allegations contained in paragraph 16 of JSDQ's Complaint. Therefore, Mesh Dynamic denies each and every allegation contained therein. Further, Mesh Dynamics explicitly, reserves its rights to assert additional defenses or counterclaims that arise based on the Plaintiff's allegations of infringement of the ‘675 RE Patent.

17. Mesh Dynamics has notice of the ‘675 Patent and the infringement thereof at least as of the filing of this Complaint.

**Answer to Paragraph Seventeen:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 17 of JSDQ's Complaint, because it does not infringe Patent No. RE 43,675 and upon information and belief, at least, the referenced independent claim 15 Patent is invalid. To the extent, further claims of the ‘648 Patent are implicated or alleged to be infringed, Mesh Dynamics lacks notice and sufficient knowledge to form a belief, as to the truth of the allegations contained in paragraph 17 of JSDQ's Complaint and, therefore denies each and every allegation contained therein. Consequently, Mesh Dynamics, explicitly, reserves its rights to assert additional defenses or counterclaims that arise based on the allegations in paragraph 17 of the Plaintiff's Complaint.

**INFRINGEMENT OF UNITED STATES PATENT NO. 7,916,648**

18. Mesh Dynamics directly infringes at least independent claim 29 of the ‘648 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

**Answer to Paragraph Eighteen:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 18 of JSDQ's Complaint it does not infringe the ‘648 Patent and upon information and belief, at least, the referenced independent claim 29 Patent is invalid.

19. Mesh Dynamics' Accused Systems provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other.

**Answer to Paragraph Nineteen:** Mesh Dynamics repeats its allegations in paragraph 9,

and denies each and every allegation contained in paragraph 19 of JSDQ's Complaint it does not infringe the '648 Patent and upon information and belief, at least, the referenced independent claim 29 '648 Patent is invalid.

20. Mesh Dynamics' Accused Systems perform each of the limitations of claim 29 of the '648 Patent by (a) establishing radio links between pairs of nodes without regard to their relative locations; (b) measuring values of a parameter of radio signals; (c) transmitting radio signals with routing messages; (d) selecting a preferred multi-link route segment; (e) transmitting a radio signal with a routing message identifying a preferred route segment; and (f) assembling a radio communication route between an originating node and a destination node.

**Answer to Paragraph Twenty:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 20 of JSDQ's Complaint it does not infringe the '648 Patent and upon information and belief, at least, the referenced independent claim 29 Patent is invalid.

21. Alternatively, Mesh Dynamics indirectly infringes at least independent claim 29 of the '648 Patent by inducing others' direct infringement through their use of the Accused Systems.

**Answer to Paragraph Twenty One:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 21 of JSDQ's Complaint it does not indirectly infringe the '648 Patent and upon information and belief, at least, the referenced independent claim 29 of the '648 Patent is invalid.

22. To the extent Mesh Dynamics is not the only direct infringer of the '648 Patent, users of Mesh Dynamics' Accused Systems would constitute direct infringers.

**Answer to Paragraph Twenty Two:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 22 of JSDQ's Complaint it does not directly infringe the '648 Patent and upon information and belief, at least, the referenced independent claim 29 Patent is invalid. To the extent a further response is

required, Mesh Dynamics lacks notice and sufficient knowledge to form a belief, as to the truth of the allegations contained in paragraph 22 of JSDQ's Complaint and, therefore denies each and every allegation contained therein.

23. Upon information and belief, Mesh Dynamics provides support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '648 Patent.

**Answer to Paragraph Twenty Three:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 23 of JSDQ's Complaint. Mesh Dynamics does not even have notice of, which, alleged service it offers that infringe the '648 Patent and is incapable of forming a specific intent to have its customers use the so called "Accused Systems" in a manner that infringes the '648 Patent. Moreover, upon information and belief, at least, the referenced independent claim 29 of the '648 Patent is invalid. To the extent other claims of the '648 Patent are implicated or alleged to be infringed, Mesh Dynamics lacks notice and sufficient knowledge to form a belief, as to the truth of the allegations contained in paragraph 23 of JSDQ's Complaint. Therefore, Mesh Dynamic denies each and every allegation contained therein. Further, Mesh Dynamics explicitly, reserves its rights to assert additional defenses or counterclaims that arise based on the Plaintiff's allegations of infringement of the '648 Patent.

24. Mesh Dynamics has notice of the '648 Patent and the infringement thereof at least as of the filing of this Complaint.

**Answer to Paragraph Twenty Four:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 24 of JSDQ's Complaint it does not even have notice of which alleged product or service its offers that infringe the '648 Patent. Moreover, upon information and belief, at least, the referenced independent claim 29 of the '648 Patent is invalid. To the extent further claims of the '648 Patent are implicated or alleged to be infringed, Mesh Dynamics lacks notice and sufficient knowledge to form a belief, as to the truth of the allegations contained in paragraph 24 of

JSDQ's Complaint and, therefore denies each and every allegation contained therein. Consequently, Mesh Dynamics explicitly, reserves its rights to assert additional defenses or counterclaims that arise based on the allegations in paragraph 24 of the Plaintiff's Complaint. JSDQ's Complaint it does not infringe the '648 Patent and the referenced Patent is invalid.

**INFRINGEMENT OF UNITED STATES PATENT NO. 7,286,828**

25. Mesh Dynamics infringes at least independent claim 68 of the '828 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

**Answer to Paragraph Twenty Five:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 25 of JSDQ's Complaint it does not directly infringe the '828 Patent and upon information and belief, at least, the referenced independent claim 68 Patent is invalid. To the extent a further response is required, Mesh Dynamics lacks notice and sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 25 of JSDQ's Complaint and, therefore denies each and every allegation contained therein.

26. Mesh Dynamics' Accused Systems provide wireless communication routes among individual nodes distributed to form a mesh throughout an area covered by the wireless communication system.

**Answer to Paragraph Twenty Six:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 26 of JSDQ's Complaint it does not directly infringe the '828 Patent and upon information and belief, at least, the referenced independent claim 68 Patent is invalid. To the extent a further response is required, Mesh Dynamics lacks notice and sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of JSDQ's Complaint and, therefore denies each and every allegation contained therein.

27. Mesh Dynamics' Accused Systems perform each of the limitations of claim 68 of the '828 Patent by (a) establishing wireless links between pairs of routing nodes using wireless

signals; (b) storing routing messages; (c) selecting a routing message using a parameter of received wireless signals; (d) modifying a selected routing message; (e) deleting some routing messages; (f) retransmitting modified routing messages; and (g) assembling preferred wireless links into an optimum communication route.

**Answer to Paragraph Twenty Seven:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 27 of JSDQ's Complaint it does not directly infringe the '828 Patent and upon information and belief, at least, the referenced independent claim 68 Patent is invalid. To the extent a further response is required, Mesh Dynamics lacks notice and sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 27 of JSDQ's Complaint and, therefore denies each and every allegation contained therein.

28. Alternatively, Mesh Dynamics indirectly infringes at least independent claim 68 of the '828 Patent by inducing others' direct infringement through their use of the Accused Systems.

**Answer to Paragraph Twenty Eight:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 28 of JSDQ's Complaint it and cannot not induce direct infringement of the '828 Patent based on lack of notice, and upon information and belief, at least, the referenced independent claim 68 of the Patent is invalid. To the extent a further response is required, Mesh Dynamics lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 28 of JSDQ's Complaint and, therefore denies each and every allegation contained therein.

29. To the extent Mesh Dynamics is not the only direct infringer of the '828 Patent, users of Mesh Dynamics' Accused Systems would constitute direct infringers.

**Answer to Paragraph Twenty Nine:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 29 of JSDQ's Complaint it, and upon information and belief, at least, the referenced independent claim 68

‘828 Patent is invalid. To the extent a further response is required, Mesh Dynamics lacks notice and sufficient knowledge to form a belief, as to the truth of the allegations contained in paragraph 29 of JSDQ’s Complaint and, therefore denies each and every allegation contained therein.

30. Upon information and belief, Mesh Dynamics provides support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the ‘828 Patent.

**Answer to Paragraph Thirty:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 30 of JSDQ’s Complaint, moreover, it does not even have notice, of which, alleged service it offers that infringe the ‘828 Patent and thus, is incapable of forming a specific intent to have its customers use the so called “Accused Systems” in a manner that infringes the ‘828 Patent. Moreover, upon information and belief, at least, the referenced independent claim 30 of the ‘828 Patent is invalid. To the extent further claims of the ‘828 Patent are implicated or alleged to be infringed, Mesh Dynamics lacks notice and sufficient knowledge to form a belief, as to the truth of the allegations contained in paragraph 30 of JSDQ’s Complaint and, therefore denies each and every allegation contained therein. Consequently, Mesh Dynamics explicitly reserves its rights to assert additional defenses or counterclaims that arise based on the Plaintiff’s Complaint.

31. Mesh Dynamics has notice of the ‘828 Patent and the infringement thereof at least as of the filing of this Complaint.

**Answer to Paragraph Thirty One:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 31of JSDQ’s Complaint it, and upon information and belief, at least, the referenced independent claim 68 of the ‘828 Patent is invalid. To the extent a further response is required, Mesh Dynamics lacks notice and sufficient knowledge to form a belief, as to the truth of the allegations contained in paragraph 31 of JSDQ’s Complaint. Consequently, Mesh Dynamics denies each and every allegation contained

therein. Further, Mesh Dynamics explicitly, reserves its rights to assert additional defenses or counterclaims that arise based on the allegations in paragraph 31 of the Plaintiff's Complaint.

32. To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

**Answer to Paragraph Thirty Two:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 31of JSDQ's Complaint. Moreover, Paragraph 32 of JSDQ's Complaint calls for a legal conclusion for which no response is required.

33. Mesh Dynamics' direct and/or indirect infringement has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**Answer to Paragraph Thirty Three:** Mesh Dynamics repeats its allegations in paragraph 9, and denies each and every allegation contained in paragraph 33 of JSDQ's Complaint it, and upon information and belief, at least, the referenced independent claims 15 of the '675 RE Patent, independent claim of 29 of the '648 Patent, and independent claim 68 of the '828 Patents are invalid. To the extent a further response is required, Mesh Dynamics lacks notice and sufficient knowledge to form a belief, as to the truth of the allegations contained in paragraph 33 of JSDQ's Complaint. Consequently, Mesh Dynamics denies each and every allegation contained in therein. Further, Mesh Dynamics explicitly, reserves its rights to assert additional defenses or counterclaims that arise based on the allegations in paragraph 33 of the Plaintiff's Complaint.

## MESH DYNAMICS AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

Plaintiff's Complaint fails to state a claim for infringement of the '675 RE, '648, '828 Patents, because its fails to adequately allege the specific products or services that Mesh Dynamics provides that are part of the so called "Accused Systems." Moreover, Plaintiff's Complaint fails to allege how Mesh Dynamics' Third Generation Mesh™ products such as MD4000 Modular Mesh™ nodes and MD1000 Single Radio Mesh nodes are used to infringe the "Accused Systems." Finally, Plaintiff fails to state a valid claim for infringement of the '675 RE, '648, '828 Patents, because the asserted independent claims are invalid based on section 35 USC § 102, 103 and 112.

### SECOND AFFIRMATIVE DEFENSE

### (INVALIDTY OF CLAIM 15 OF THE '675, CLAIM 29 OF THE '648, and CLAIM 68 OF THE '828 PATENTS)

Independent Claim 15 of the '675 Patent, Independent Claim 29 of the '648 Patent and Independent Claim 68 of the '828 Patent is invalid for failure to satisfy the conditions of patentability under 35 U.S.C. §§ 102, 103 or 112.

### THIRD AFFIRMATIVE DEFENSES

### (LACK OF NOTICE, RESERVATIO OF RIGHTS, AND INVALIDITY OF THE '675 '648 and '828 PATENTs)

<u>Mesh Dynamics  has not received any actual notice pursuant to 35 U.S.C. §287 (a) of any of its products that are part of the so called "Accused Systems" that infringe the '675 RE, '648, and/or '828 Patents.</u> See. *Amstead Indus Inc. vs. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) and *Devices for Med Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987). Moreover, Mesh Dynamics, assert that it lacks any notice of any services that it provides that infringe any of the Plaintiff's claimed methods or products by process in the '675 RE, '648, and the '828 Patents. Mesh Dynamics, explicitly, reserves any and all rights to raise additional affirmative defenses and/or counterclaims relating to any other claims that

Plaintiff actually asserts it infringes. However, to the extent that, the Court deems that the Plaintiff has adequately provided notice of infringement of such other claims of the ‘675 RE Patents, then Mesh Dynamics asserts Invalidity of the other claims of the 675 Patent are invalid for failure to satisfy the conditions of patentability under 35 U.S.C. §§ 102, 103 or 112.

**FOURTH AFFIRMATIVE DEFENSES**

**(LIMITATION OF DAMAGES)**

Mesh Dynamics has not received any actual notice pursuant to 35 U.S.C. §287 (a) of any of its products that are part of the so called “Accused Systems” that infringe the ‘675 RE, '648, and/or '828 Patents. See. *Amstead Indus Inc. vs. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) and *Devices for Med Inc. v. Boehl,* 822 F.2d 1062, 1066 (Fed. Cir. 1987). Moreover, Mesh Dynamics, assert that it lacks any notice of any services that it provides that infringe any of the Plaintiff’s claimed methods in the ‘675 RE, ‘648, and the ‘828 Patents.

**FIFTH AFFIRMATIVE DEFENSES**

**(NON-INFRINGEMENT OF THE ‘675, ‘648, AND ‘828 PATENTS, LACK OF NOTICE AND RESERVATION OF RIGHTS)**

Mesh Dynamics has not directly or indirectly infringed, or induced the infringement of independent Claim 15 of the ‘675 Patent, independent Claim 29 of the ‘648 Patent, and/or independent Claim 68 of the ‘828 Patent. Mesh Dynamics asserts that it lacks any proper notice of any alleged infringement of any other claims of the ‘675, ‘648, AND ‘828 Patents. Mesh Dynamics, explicitly, reserves any and all rights to raise additional affirmative defenses and/or counterclaims relating to any other claims that Plaintiff actually, asserts it infringes. However, to the extent that, the Court deems that the Plaintiff has adequately provided notice of infringement, of such other claims of the ‘675 RE, ‘648, and/or ‘828 Patents, then Mesh Dynamics asserts that it does not infringe literally or under the doctrine of equivalence.

**SIXTH AFFIRMATIVE DEFENSE**

**(PROSECUTION HISTORY ESTOPPEL)**

As a result of proceedings in the United States Patent and Trademark Office (USPTO) relating to the Application 12/804,274 that matured into the US Pat. RE 43,675, and Application 11/900,620 that matured into US Pat. 7,916,648, and application No. 11/410,337, and Application 10/868,290 and the U.S. Pat. 7,286,828 Patents and any common claim limitations or elements in the co-pending, parent or related patent applications, including but not limited to, the following: Provisional application 60/100,074, Application 09/383,227 that matured into US Pat. 6,459,899, Application 11/982,295 that matured into US Pat. 41,781, Application 11/410,337 that matured into US Pat. No. Re. 40,258, and Application 10/833,279 and US Pat. No. Re. 40,117 based on clarifications, discussions, amendments or modifications made to overcome prior art or any objection that the Patent Examiner raised or may have disclosed in a telephone conference.

**SEVENTH AFFIRMATIVE DEFENSE**

**(ACQUIESENCE, ESTOPPEL AND LACHES)**

Plaintiff's claims against Mesh Dynamics with respect the '675, '648 and/or '828 patents are barred by acquiescence, equitable estoppel and/or laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(SECTION § 286)**

Plaintiff's claims for damages are further limited for violations 35 U.S.C. § 286.

**NINTH AFFIRMATIVE DEFENSE**

**(LACK OF NOTICE, KNOWLEDGE AND ABILITY TO MONITOR)**

Plaintiff's claims for indirect or inducing infringement are further limited by Plaintiff's failure to provide actual notice, and Mesh Dynamic lack of knowledge or ability

to monitor any of the direct infringers.

**TENTH AFFIRMATIVE DEFENSE**

**(IMPROPER VENUE)**

Plaintiff has filed this action in an impermissible venue based on the common law doctrine of foreign non convenience.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(GOVERNMENTAL IMMUNITY DEFENSE)**

Mesh Dynamics offers many products and services to governmental agencies and for military applications, thus to the extent that Plaintiff's claims may implicate products or services that it used to provide to governmental agencies, it raises the governmental immunity defense.

**TWELFTH AFFIRMATIVE DEFENSE**

**(RESERVATION OF OTHER DEFENSES AND AFFIRMATIVE DEFENSES)**

Mesh Dynamics reserves the right to amend, delete, modify or plead any additional defenses or affirmative defenses based on its continuing and ongoing investigations, discovery proceedings or related matters.

WHEREFORE, Defendant, Mesh Dynamics, denies that it has infringed the claim 15 of the '675, claim 29 of the '648 and/or claim 68 of the '828 Patents or any valid claims, and further deny that Plaintiff is entitled to any form of judgments and/or relief against it, and that the Court enter judgment in the Defendant, Mesh Dynamics and award it attorneys' fees, expenses and costs incurred in defending this action.

## COUNTERCLAIMS

34. Mesh Dynamics asserts the following counterclaims for declaratory judgment of non-infringement and invalidity of Claim 15 of the ‘675, Claim 29 of the ‘648; and claim 68 of the ‘828 Patents.

35. Defendant and Counterclaimant, Mesh Dynamics, is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at is 2953 Bunker Hill Lane, Suite 400, Santa Clara, California 95054.

36. According to the Complaint, Plaintiff and Counterclaim-Defendant, JSDQ is a Delaware limited liability company, having its principal office in Round Lake Beach, Illinois. JSDQ has held itself out to be the owner of the ‘675, ‘648; and the ‘828 Patents.

37. Mesh Dynamics has performed a preliminary investigation and analysis, and upon information and belief, the US 5,430,729 A Rahnema reference anticipates, at least, claim 15 of the ‘675 Patent. The patent examiner, examining the ‘675 Patent was not aware of the US 5,430,729 A Rahnema reference. If the patent examiner was aware of the US 5,430,729 A Rahnema, then the Patent’s claim 15 would not have issued as a patent.

38. Based on Mesh Dynamics, preliminary investigation and analysis, and upon information and belief, the US 5,430,729 A Rahnema Patent, in combination with US 5,412,654 (Perkins Reference) and the US 4,937,822 (Weddle reference) obviate under 35 U.S.C § 103, at least, claim 15 of the ‘675 Patent, claim 29 of the ‘648 Patent, and claim 68 of the ‘828 Patent.

## JURISDICTION AND VENUE

39. This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States. See Fed. R. Civ. P. 13; 28 U.S.C. §§ 2201 and 2202; and 35 U.S.C. § 100 et seq.

40. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2022.

41. This Court has personal jurisdiction over JSDQ by virtue of JSDQ's filing of the Complaint in the action.

42. Venue in the judicial district is proper under at least 28 U.S.C. § 1391 and by virtue of JSDQ's filing of the Complaint in this action.

43. An actual and justiciable controversy exists between Mesh Dynamics, on the one hand, and JSDQ on the other hand, concerning JSDQ's claims of infringement and concerning the validity of claim 15 of the '675 Patent; claim 29 of the '648 Patent; and claim 68 of the '828 Patent.

**COUNT ONE**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF CLAIM 15 OF THE '675 PATENT, CLAIM 29 OF THE '648 PATENT, AND CLAIM 68 OF THE '828 PATENT**

44. Mesh Dynamics incorporates by reference its allegations in paragraphs 1-43 above.

45. JSDQ asserts in this action that Mesh Dynamics is infringing claim 15 of the '675 Patent; claim 29 of the '648 Patent; and claim 68 of the '828 Patent.

46. Mesh Dynamics has not directly, nor, under the doctrine of equivalents infringed, contributed to the infringement of, or induced infringement of claim 15 of the '675 Patent; claim 29 of the '648 Patent, and claim 68 of the '828 Patent; nor, is Mesh Dynamics, either, literally, or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any other claims of the RE 43,675; 7,916,648; and 7,286,828 Patents.

47. By reason of the foregoing, Mesh Dynamics seeks a declaratory judgment by this Court that Mesh Dynamics does not infringe claim 15 of the '675 Patent; claim 29 of the '648 Patent, and claim 68 of the '828 Patent. To the extent, Plaintiff has properly alleged infringement of other claims of the RE 43,675; 7,916,648; and 7,286,828 Patents; Mesh Dynamics seeks a

declaratory judgment that it is not infringing any other claims of these Patents.

**COUNT TWO**

**DECLARATORY JUDGMENT OF INVALIDITY OF CLAIM 15 OF THE '675 PATENT**

48. Mesh Dynamics incorporates by reference its allegations in paragraphs 1-47 above.

49. JSDQ asserts in this action that Mesh Dynamics is infringing claim 15 of the '675 Patent.

50. Mesh Dynamics asserts that JSDQ has failed to satisfy, one or more, conditions of patentability of claim 15 of the '675 Patent based on the US 5,430,729 A, the Rahnema reference. Specifically, Mesh Dynamics asserts that upon information and belief, the US 5,430,729 A, the Rahnema reference anticipates under 35 U.S.C. § 102, at least, claim 15 of the '675 Patent.

51. To the extent, JSDQ asserts infringement of additional claims of the '675 Patent, Mesh Dynamics asserts that upon information and belief, US 5,430,729 A, the Rahnema reference anticipates under 35 U.S.C. § 102 the other claims of the '675 Patent.

52. Upon and information and belief, Mesh Dynamics, alleges that each and every elements and/or limitations of the claim 15 of the '675 Patent are disclosed in the US 5,430,729 A, the Rahnema reference. (See Exhibit A).

| **'675 Patent (Claim 15)** | **Anticipation under 35 U.S.C. § 102 based on the US 5,430,729 A, the Rahnema Reference** |
|---|---|
| a <u>radio communication route among individual nodes</u> | discloses a method of providing a radio communication route among individual nodes for cellular phone calls, land calls, and data packets |
| <u>capable of distribution arbitrarily relative to each other</u> | the location of the nodes is irrelevant and the nodes can be moving with respect to one another |
| establishing radio links between respective pairs of said nodes | Discloses establishing links between pairs of nodes |

| | |
|---|---|
| at least one said node using a directional radio signal | 66 possible directional source - destination pairs |
| transmitted from said node received directly by another said node without regard to the relative locations of said nodes | As described herein, the advantages of the present invention will be apparent to those of skill in the art and provides an improved method and apparatus of routing data packets among nodes in a communication system where the nodes are moving with respect to each other, and<br><br>where the connections or links between the nodes are changing as a function of the position of the node, and due to link failures (locations and movements of nodes are irrelevant) |
| measuring a value of a radio parameter said directional radio signal received by at least one said node | A particular path comprises a sequence of links between a pair of nodes. A path is available when its minimum average capacity for the time interval under consideration is above a certain threshold.<br><br>This threshold is set to a predetermined value. (embodies the feature of measuring a value of the radio parameter and passing it on to the destination node) |
| transmitting from said at least one node a radio signal with an associated routing message based on at least one measured value of the radio parameter | calculating minimum hop count distance (MHCD) in real time) and the alternative minimum hop count for neighboring nodes this information is computed and passed along or in association with a radio signal and a predetermined measured value, as described above. |
| assembling a radio communication route between an originating node and a destination node | Uses source and destination nodes but embodies the same limitation an assembly of a radio communication route based on the Minimum number of hop counts (shortest path from originating to destination node using intervening nodes) |
| said route being assembled by computers in a plurality of said nodes using routing messages received by said nodes | Wherein, each node of said plurality of nodes has a plurality of links associated therewith, and wherein, the selecting further comprises the step of selecting first choice minimum hop routes for each source -destination pair of nodes of said plurality of nodes, |
| Wherein, said computers in said nodes assemble said route independently of any computer separate from said nodes in said route | The computation of routing information involves the computation of the first, second and third exit link choices for each node to reach any other node for each distinct state (e.g., a defined time interval) of the constellation configuration.<br><br>This process is desirably performed by the SCS in non-real time and the results are sent to the satellites for recording in routing table 90 as discussed previously. |

| | |
|---|---|
| | (Thus, embodies the limitation of using a computer to go through and update routing tables and generate messages for the transmission of signals to other nodes-Can be part of the system or apart from the system). |
| and said route includes at least one route segment with a said node transmitting a directional radio signal | The second choice for exiting a given node to reach a destination is listed in table 40 as the link for routing over a second equivalent alternate minimal hop path if one exists.<br><br>Otherwise, the next most reasonable link choice in the direction of the destination from that node is listed. The availability of other links on the path conjectured for reaching the destination node is considered.<br><br>The path conjectured over that link desirably uses minimal hop routes (for that state of the constellation configuration and failure state of the links) from subsequent nodes to the destination.<br><br>A reasonable link choice is a link which will not take a data packet too far away from the direction to its destination. For example, a link which routes a packet in the opposite direction from its destination would not be a reasonable choice, whereas a link which would route the packet slightly away from its destination would be a reasonable alternate choice for this purpose.<br><br>(Inherently requires a directional signal, otherwise, could not determine, which, direction was the opposite). |

53. As asserted and alleged above, Mesh Dynamics seeks a declaratory judgment by the Court that Claim 15 of the ‘675 Patent is invalid. To the extent that the Plaintiff alleges that other claims of the ‘675 Patent are infringed by Mesh Dynamics, Defendant, explicitly reserves the right to raise invalidity arguments based, on at least, US 5,430,729 A, the Rahnema Reference, as well as, additional references that it has discovered, but is still in the process of analyzing, investigating, and reviewing.

**COUNT THREE**

**DECLARATORY JUDGMENT OF INVALIDITY OF CLAIM 15 OF THE ‘675 PATENT, CLAIM 29 OF THE ‘648 PATENT, AND CLAIM 68 OF THE ‘828 PATENT.**

54. Mesh Dynamics incorporates by reference its allegations in paragraphs 1-53 above.

55. JSDQ asserts in this action that Mesh Dynamics is infringing claim 15 of the ‘675 Patent.

56. Mesh Dynamics asserts that JSDQ has failed to satisfy, one or more, conditions of patentability of claim 15 of the ‘675 Patent, claim 29 of the ‘648 Patent, and claim 68 of the ‘828 Patents.

57. During the prosecution of the ‘648 and ‘828 Patents, the Patent Examiner raised the US 5,412,654 (Perkins Reference) and the US 4,937,822 (Weddle reference) obviate under 35 U.S.C § 103, and the Patentee was able to traverse these references, because he/it was able to assert that there were critical elements of this claimed inventions that were not disclosed in the Perkins and/or Weddle References.

58. However, upon information and belief, the Patent Examiner, was not aware of at least, U.S. 5,430,729 A Rahnema, and other similar references that Mesh Dynamics is analyzing, investigating and reviewing.

59. Upon information and belief, if the Patent Examiner had US 5,430,729 A, the Rahnema, and other similar references that Mesh Dynamics is analyzing, investigating and reviewing; he would have rejected claims 15 of the ‘675 Patent, claim 29 of the ‘648 Patent, and claim 68 of the ‘828 Patent under 35 U.S.C § 103. To the extent, Plaintiff has properly alleged infringement of additional claims of the ‘675 Patent, ‘648 Patent, and ‘828 Patents are infringed, Mesh Dynamics, explicitly asserts and/or reserves its rights to invalidate, such claims, under 35 U.S.C § 103 for obviousness based on US 5,430,729 A, the Rahnema Reference, and other similar references that Mesh Dynamics is analyzing, investigating and reviewing.

## PRAYER FOR RELIEF

WHEREFORE, Mesh Dynamics, respectfully, requests and prays that this Court:

(a) Dismiss JSDQ's Complaint in its entirety, with prejudice, and that JSDQ take nothing by its Complaint, and that judgment be entered in favor of Mesh Dynamics;

(b) Declare that Mesh Dynamics has not infringed, and is not infringing patents RE 43,675; 7,916,648; and 7,286,828;

(c) Declare that each of the claim 15 of the 675; claim 29 of the 648; and claim 68 of the '828 Patents are invalid;

(d) Declare that this action constitutes an exceptional case under 35 U.S.C. § 285 and that Mesh Dynamics be awarded costs of suit that Mesh Dynamics has incurred including attorney's fees and any additional relief the Court deems appropriate; and

(e) Grant such other relief as this Court deems just and proper.

**[Remainder of page intentionally left blank].**

**DEMAND FOR JURY TRIAL**

Defendant and Counterclaimant-Plaintiff Mesh Dynamics demands a jury trial on all issues so triable.

Dated: June 21, 2013

Respectfully Submitted,


DORSEY & WHITNEY (DELAWARE) LLP

By: /s/ Robert W. Mallard
Eric Lopez Schnabel, DE # 3672
Robert W. Mallard, DE # 4279
Wilmington, Delaware 19801
Telephone: (302) 425-7171
Facsimile: (302) 425-7177
schnabel.eric@dorsey.com
mallard.robert@dorsey.com

Vihar R. Patel
Susan B. Fentress
David N. Oskin
Naomi Reese
VRP Law, P.C.
VRP LAW GROUP
201 E. Ohio Street, Suite 304
Chicago, IL 60611
P: 312-854-7090
F: 312-376-8751
vihar@vrplaw.com
susan@vrplaw.com
david@vrplaw.com
naomi@vrplaw.com

Szymon M. Gurda
Michael J. Cherskov
Cherskov Flaynik & Gurda, LLC
123 W. Madison St., Suite 400
Chicago, IL 60602
Phone: (312) 621-1330
sgurda@cherskov.com
mcherskov@cherskov.com

*Attorneys for Defendant, Mesh Dynamics Inc.*

**CERTIFICATE OF SERVICE**

I, Robert W. Mallard, Esq., hereby certify that on June 21, 2013, the foregoing Defendant Mesh Dynamics, Inc.'s First Amended Answer, With Affirmative Defenses, And Counterclaims was filed with the Clerk of Court using CM/ECF, which will send notification to the counsel of record.

*Counsel for JSDQ Mesh Technologies, LLC*
George Pazuniak (DE Bar No. 00478)
O'KELLY ERNST & BIELLI, LLC
901 N. Market St.
Suite 1000
Wilmington, DE 19801

*Counsel for JSDQ Mesh Technologies, LLC*
Timothy J. Haller
Daniel R. Ferri
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602

By: /s/ Robert W. Mallard
Robert W. Mallard, DE # 4279