IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JSDQ MESH TECHNOLOGIES LLC,<br>Plaintiff,<br>v.<br>MESH DYNAMICS, INC.,<br>Defendant. | **Case No. 1:13-cv-00154-GMS** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST AMENDED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTER-CLAIMS**

Plaintiff JSDQ Mesh Technologies LLC ("JSDQ"), by and through its undersigned attorneys, hereby responds to the Amended Counterclaims filed by Defendant Mesh Dynamics, Inc. ("Mesh Dynamics") on June 21, 2013 (Dkt. No. 31), as follows:

**COUNTERCLAIMS**

34. Mesh Dynamics asserts the following counterclaims for declaratory judgment of non-infringement and invalidity of claim 15 of the '675, Claim 29 of the '648; and claim 68 of the '828 Patents.

**RESPONSE:**

Admitted that Mesh Dynamics purports to assert counterclaims for declaratory judgment of non-infringement and invalidity of United States Patent No. RE 43,675 (the "'675 Patent"); United States Patent No. 7,916,648 (the "'648 Patent"); and United States Patent No. 7,286,929 (the "'828 Patent") (collectively, "the patents in suit"). Denied that Mesh Dynamics is entitled to any relief.

35. Defendant and Counterclaimant Mesh Dynamics is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at is 2953 Bunker Hill Lane, Suite 400, Santa Clara, California 95054.

**RESPONSE:**

Plaintiff is without sufficient information or belief to admit or deny the allegations of Paragraph 35 and, therefore, denies the same. In its Answer to Plaintiff's allegation in Paragraph

4 of the Complaint regarding Defendant's principal place of business, Mesh Dynamics stated only that it "admits that *in the past* its principal place of business was 2953 Bunker Hill Lane, Suite 400, Santa Clara, California 95054, but denies each and every remaining allegation, [*sic*] contained in paragraph 4 of JSDQ's Complaint."

36. According to the Complaint, Plaintiff and Counterclaim-Defendant, JSDQ is a Delaware limited liability company having its principal office in Round Lake Beach, Illinois. JSDQ has held itself out to be the owner of the '675; '648; and the '828 Patents.

**RESPONSE:**

Admitted that Plaintiff is a Delaware limited liability company with its principal place of business at 401 Lake Avenue, Round Lake Beach, Illinois 60073. Admitted that JSDQ owns the '675 Patent, the '648 Patent and the '828 Patent.

37. Mesh Dynamics has performed a preliminary investigation and analysis, and upon information and belief, the US 5,430,729 A Rahnema reference anticipates, at least, claim 15 of the '675 Patent. The patent examiner, examining the '675 Patent was not aware of the US 5,430,729 A Rahnema reference. If the patent examiner was aware of the US 5,430,729 A Rahnema, then the Patent's claim 15 would not have issued as a patent.

**RESPONSE:**

Plaintiff lacks sufficient information or belief to admit or deny whether Mesh Dynamics has performed a preliminary investigation and analysis and, therefore, denies the same. Plaintiff further lacks sufficient information or belief to admit or deny whether the patent examiner was aware of the Rahnema reference and, therefore, denies the same. Plaintiff denies the remaining allegations of Paragraph 37.

38. Based on Mesh Dynamics, preliminary investigation and analysis, and upon information and belief, the US 5,430,729 A Rahnema Patent, in combination with US 5,412,654 (Perkins Reference) and the US 4,937,822 (Weddle reference) obviate under 35 U.S.C § 103, at least, claim 15 of the '675 Patent, claim 29 of the '648 Patent, and claim 68 of the '828 Patent.

**RESPONSE:**

Denied.

**JURISDICTION AND VENUE**

39. This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States. See Fed. R. Civ. P. 13; 28 U.S.C. §§ 2201 and 2202; and 35 U.S.C. § 100 et seq.

**RESPONSE:**

Admitted that Mesh Dynamics has asserted counterclaims under the Declaratory Judgment Act. Denied that Mesh Dynamics is entitled to any relief.

40. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2022.

**RESPONSE:**

Admitted that this Court has subject matter jurisdiction in this action.

41. This Court has personal jurisdiction over JSDQ by virtue of JSDQ's filing of the Complaint in the action.

**RESPONSE:**

Admitted that personal jurisdiction is proper in this action.

42. Venue in the judicial district is proper under at least 28 U.S.C. § 1391 and by virtue of JSDQ's filing of the Complaint in this action.

**RESPONSE:**

Admitted that venue is proper in this action.

43. An actual and justiciable controversy exists between Mesh Dynamics, on the one hand, and JSDQ on the other hand, concerning JSDQ's claims of infringement and concerning the validity of claim 15 of the '675 Patent; claim 29 of the '648 Patent; and claim 68 of the '828 Patent.

**RESPONSE:**

Admitted that an actual case or controversy exists. Denied that Mesh Dynamics is entitled to any relief.

**COUNT ONE**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF CLAIM 15 OF THE '675 PATENT, CLAIM 29 OF THE '648 PATENT, AND CLAIM 68 OF THE '828 PATENT**

44. Mesh Dynamics incorporates by reference its allegations in paragraphs 1-43 above.

**RESPONSE:**

JSDQ incorporates its responses to the allegations contained in Paragraphs 34 through 43 above, as though fully set forth herein. JSDQ denies any "allegations" in Mesh Dynamics' Paragraphs 1 through 33 not expressly admitted herein.

45. JSDQ asserts in this action that Mesh Dynamics is infringing claim 15 of the '675 Patent; claim 29 of the '648 Patent; and claim 68 of the '828 Patent.

**RESPONSE:**

Admitted.

46. Mesh Dynamics has not directly nor under the doctrine of equivalents infringed, contributed to the infringement of, or induced infringement of claim 15 of the '675 Patent; claim 29 of the '648 Patent, and claim 68 of the '828 Patent; nor, is Mesh Dynamics, either, literally, or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any other claims of the RE 43,675; 7,916,648; and 7,286,828 Patents.

**RESPONSE:**

Denied.

47. By reason of the foregoing, Mesh Dynamics seeks a declaratory judgment by this Court that Mesh Dynamics does not infringe claim 15 of the '675 Patent; claim 29 of the '648 Patent, and claim 68 of the '828 Patent. To the extent, Plaintiff has properly alleged infringement of other claims of the RE 43,675; 7,916,648 and 7,286,828 Patents; Mesh Dynamics seeks a declaratory judgment that it is not infringing any other claims of these Patents.

**RESPONSE:**

Admitted that Mesh Dynamics purports to seek a declaratory judgment that it does not infringe any claims of the patents in suit. Denied that Mesh Dynamics is entitled to any relief.

**COUNT TWO**
**DECLARATORY JUDGMENT OF INVALIDITY OF CLAIM 15 OF THE '675 PATENT**

48. Mesh Dynamics incorporates by reference its allegations in paragraphs 1-47 above.

**RESPONSE:**

JSDQ incorporates its responses to the allegations contained in Paragraphs 34 through 47 above, as though fully set forth herein. JSDQ denies any "allegations" in Mesh Dynamics' Paragraphs 1 through 33 not expressly admitted herein.

49. JSDQ asserts in this action that Mesh Dynamics is infringing claim 15 of the '675 Patent.

**RESPONSE:**

Admitted

50. Mesh Dynamics asserts that JSDQ has failed to satisfy, one or more, conditions of patentability of claim 15 of the '675 Patent based on the US 5,430,729 A, the Rahnema reference. Specifically, Mesh Dynamics asserts that upon information and belief, the US 5,430,729 A, the Rahnema reference anticipates under 35 U.S.C. § 102, at least, claim 15 of the '675 Patent.

**RESPONSE:**

Admitted that Mesh Dynamics purports to assert that one or more conditions of patentability have not been satisfied with respect to claim 15 of the '675 Patent. Denied that Mesh Dynamics has set forth a claim upon which relief may be granted. Further denied that the Rahnema reference anticipates claim 15 of the '675 Patent under 35 U.S.C. § 102.

51. To the extent, JSDQ asserts infringement of additional claims of the '675 Patent, Mesh Dynamics asserts that upon information and belief, US 5,430,729 A, the Rahnema reference anticipates under 35 U.S.C. § 102 the other claims of the '675 Patent.

**RESPONSE:**

Denied that the Rahnema reference anticipates any claims of the '675 Patent under 35 U.S.C. § 102.

52. Upon and information and belief, Mesh Dynamics, alleges that each and every elements and/or limitations of the claim 15 of the '675 Patent are disclosed in the US 5,430,729 A, the Rahnema reference. (See Exhibit A).

| **'675 Patent (Claim 15)** | **Anticipation under 35 U.S.C. § 102 based on the US 5,430,729 A, the Rahnema Reference** |
|---|---|
| a radio communication route among individual nodes | discloses a method of providing a radio communication route among individual nodes for cellular phone calls, land calls, and data packets |
| capable of distribution arbitrarily relative to each other | the location of the nodes is irrelevant and the nodes can be moving with respect to one another |
| establishing radio links between respective pairs of said nodes | Discloses establishing links between pairs of nodes |
| at least one said node using a directional radio signal | 66 possible directional source - destination pairs |
| transmitted from said node received directly by another said node without regard to the relative locations of said nodes | As described herein, the advantages of the present invention will be apparent to those of skill in the art and provides an improved method and apparatus of routing data packets among nodes in a communication system where the nodes are moving with respect to each other, and<br><br>where the connections or links between the nodes are changing as a function of the position of the node, and due to link failures (locations and movements of nodes are irrelevant) |
| measuring a value of a radio parameter said directional radio signal received by at least one said node | A particular path comprises a sequence of links between a pair of nodes. A path is available when its minimum average capacity for the time interval under consideration is above a certain threshold.<br><br>This threshold is set to a predetermined value. (embodies the feature of measuring a value of the radio parameter and passing it on to the destination node) |

| | |
|---|---|
| transmitting from said at least one node a radio signal with an associated routing message based on at least one measured value of the radio parameter | calculating minimum hop count distance (MHCD) in real time) and the alternative minimum hop count for neighboring nodes this information is computed and passed along or in association with a radio signal and a predetermined measured value, as described above. |
| assembling a radio communication route between an originating node and a destination node | Uses source and destination nodes but embodies the same limitation an assembly of a radio communication route based on the Minimum number of hop counts (shortest path from originating to destination node using intervening nodes) |
| said route being assembled by computers in a plurality of said nodes using routing messages received by said nodes | Wherein, each node of said plurality of nodes has a plurality of links associated therewith, and wherein, the selecting further comprises the step of selecting first choice minimum hop routes for each source -destination pair of nodes of said plurality of nodes, |
| Wherein, said computers in said nodes assemble said route independently of any computer separate from said nodes in said route | The computation of routing information involves the computation of the first, second and third exit link choices for each node to reach any other node for each distinct state (e.g., a defined time interval) of the constellation configuration.<br><br>This process is desirably performed by the SCS in non-real time and the results are sent to the satellites for recording in routing table 90 as discussed previously. |
| | (Thus, embodies the limitation of using a computer to go through and update routing tables and generate messages for the transmission of signals to other nodes-Can be part of the system or apart from the system). |

| | |
|---|---|
| and said route includes at least one route segment with a said node transmitting a directional radio signal | The second choice for exiting a given node to reach a destination is listed in table 40 as the link for routing over a second equivalent alternate minimal hop path if one exists.<br><br>Otherwise, the next most reasonable link choice in the direction of the destination from that node is listed. The availability of other links on the path conjectured for reaching the destination node is considered.<br><br>The path conjectured over that link desirably uses minimal hop routes (for that state of the constellation configuration and failure state of the links) from subsequent nodes to the destination.<br><br>A reasonable link choice is a link which will not take a data packet too far away from the direction to its destination. For example, a link which routes a packet in the opposite direction from its destination would not be a reasonable choice, whereas a link which would route the packet slightly away from its destination would be a reasonable alternate choice for this purpose.<br><br>(Inherently requires a directional signal, otherwise, could not determine, which, direction was the opposite). |

**RESPONSE:**

Denied.

**COUNT THREE**
**DECLARATORY JUDGMENT OF INVALIDITY OF CLAIM 15 OF THE '675 PATENT, CLAIM 29 OF THE '648 PATENT, AND CLAIM 68 OF THE '828 PATENT**

53. As asserted and alleged above, Mesh Dynamics seeks a declaratory judgment by the Court that Claim 15 of the '675 Patent is invalid. To the extent that the Plaintiff alleges that other claims of the '675 Patent are infringed by Mesh Dynamics, Defendant, explicitly reserves the right to raise invalidity arguments based, on at least, US 5,430,729 A, the Rahnema Reference, as well as, additional references that it has discovered, but is still in the process of analyzing, investigating, and reviewing.

**RESPONSE:**

Admitted that Mesh Dynamics purports to seek a declaratory judgment that claim 15 of the '675 Patent is invalid. Denied that Mesh Dynamics has set forth a claim upon which relief

may be granted. Further denied that Mesh Dynamics is entitled to any relief. Further denied that any claims of the ‘675 Patent are invalid based on the Rahnema, or any other, reference.

54. Mesh Dynamics incorporates by reference its allegations in paragraphs 1-53 above.

**RESPONSE:**

JSDQ incorporates its responses to the allegations contained in Paragraphs 34 through 53 above, as though fully set forth herein. JSDQ denies any “allegations” in Mesh Dynamics’ Paragraphs 1 through 33 not expressly admitted herein.

55. JSDQ asserts in this action that Mesh Dynamics is infringing claim 15 of the ‘675 Patent.

**RESPONSE:**

Admitted.

56. Mesh Dynamics asserts that JSDQ has failed to satisfy, one or more, conditions of patentability of claim 15 of the ‘675 Patent, claim 29 of the ‘648 Patent, and claim 68 of the ‘828 Patents.

**RESPONSE:**

Admitted that Mesh Dynamics purports to assert that the asserted claims of the patents in suit fail to satisfy one or more conditions of patentability. Denied that Mesh Dynamics has set forth claims upon which relief may be granted. Further denied that Mesh Dynamics is entitled to any relief.

57. During the prosecution of the ‘648 and ‘828 Patents, the Patent Examiner raised the US 5,412,654 (Perkins Reference) and the US 4,937,822 (Weddle reference) obviate under 35 U.S.C § 103, and the Patentee was able to traverse these references, because he/it was able to assert that there were critical elements of this claimed inventions that were not disclosed in the Perkins and/or Weddle References.

**RESPONSE:**

Admitted that, during the prosecution of the application that ultimately issued as the ‘648 Patent, the Weddle reference and Perkins reference were considered by the Patent Office Examiner and overcome. Otherwise denied.

58. However, upon information and belief, the Patent Examiner, was not aware of at least, U.S. 5,430,729 A Rahnema, and other similar references that Mesh Dynamics is analyzing, investigating and reviewing.

**RESPONSE:**

Plaintiff lacks sufficient information or belief to admit or deny whether the Patent Office Examiner was aware of the Rahnema or any other “similar references” and, therefore, denies the same. Plaintiff lacks sufficient information or belief to admit or deny which references, if any, Mesh Dynamics is analyzing, investigating and/or reviewing and, therefore, denies the same.

59. Upon information and belief, if the Patent Examiner had US 5,430,729 A, the Rahnema, and other similar references that Mesh Dynamics is analyzing, investigating and reviewing; he would have rejected claims 15 of the ‘675 Patent, claim 29 of the ‘648 Patent, and claim 68 of the ‘828 Patent under 35 U.S.C § 103. To the extent, Plaintiff has properly alleged infringement of additional claims of the ‘675 Patent, ‘648 Patent, and ‘828 Patents are infringed, Mesh Dynamics, explicitly asserts and/or reserves its rights to invalidate, such claims, under 35 U.S.C § 103 for obviousness based on US 5,430,729 A, the Rahnema Reference, and other similar references that Mesh Dynamics is analyzing, investigating and reviewing.

**RESPONSE:**

Denied.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

Plaintiff JSDQ asserts the following Affirmative Defenses against Mesh Dynamics’ Counterclaims and reserves the right to further amend its responses as additional information becomes available.

1. United States Patent No. 7,916,648 (“the ‘648 Patent”) is valid and enforceable.

2. United States Patent No. 7,286,828 (“the ‘828 Patent”) is valid and enforceable.

3. United States Reissued Patent No. RE 43,675 ("the '675 Patent") is valid and enforceable.

4. The alleged Rahnema reference does not constitute "prior art" with respect to the '648 Patent, the '828 Patent and/or the '675 Patent. Moreover, the alleged Rahnema reference does not anticipate and/or render obvious any claim of the '648 Patent, the '828 Patent and/or the '675 Patent.

5. Mesh Dynamics has infringed and continues to infringe the '648 Patent through the manufacture, use, offer for sale and/or sale of Accused Systems that provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 29 of the '648 Patent.

6. Mesh Dynamics has infringed and continues to infringe the '828 Patent through the manufacture, use, offer for sale and/or sale of Accused Systems that provide wireless communication routes among individual nodes distributed to form a mesh throughout an area covered by the wireless communication system, in accordance with the limitations of claim 68 of the '828 Patent.

7. Mesh Dynamics has infringed and continues to infringe the '675 Patent through the manufacture, use, offer for sale and/or sale of Accused Systems that provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 15 of the '675 Patent.

8. Mesh Dynamics' counterclaim(s) with respect to the alleged invalidity of the '648 Patent fail(s) to state claims upon which relief may be granted and/or is otherwise deficient under Rules 8 and 12, Fed.R.Civ.P.

9. Mesh Dynamics' counterclaim(s) with respect to the alleged invalidity of the '828 Patent fail(s) to state claims upon which relief may be granted and/or is otherwise deficient under Rules 8 and 12, Fed.R.Civ.P.

10. Mesh Dynamics' counterclaim(s) with respect to the alleged invalidity of the '675 Patent fail(s) to state claims upon which relief may be granted and/or is otherwise deficient under Rules 8 and 12, Fed.R.Civ.P.

11. Mesh Dynamics' First Amended Answer with Affirmative Defenses and Counter-Claims of Defendant Mesh Dynamics, Inc. includes redundant, immaterial, impertinent and/or scandalous matter in contravention of Rule 12(f), Fed.R.Civ.P.

12. Plaintiff adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure (or any applicable statute or regulation), to the extent the facts known at this time, or later developed, would make any of said defenses available.

WHEREFORE, JSDQ Mesh Technologies LLC requests that judgment be entered against Mesh Dynamics, Inc. and entered in JSDQ Mesh Technologies LLC's favor and further requests that it be granted all of the relief requested in its Complaint.

**JURY DEMAND**

JSDQ Mesh Technologies LLC demands a trial by jury on all issues properly triable to a jury.

Respectfully submitted,

/s/ George Pazuniak
George Pazuniak
O'Kelly Ernst & Bielli, LLC
901 N. Market St.
Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
Fax: 302-295-2873
GP@del-iplaw.com

***Attorneys for Plaintiff, JSDQ Mesh Technologies LLC***

*Of Counsel:*
Timothy J. Haller
Daniel R. Ferri
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison Street
Suite 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
dferri@nshn.com
gopatken@nshn.com